ANDREW HEMPHILL'S ADM'R, ET AL., *v.* JOHN W. MILLMORE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—331.]

**Bond for Deed.**

    A person holding a bond for a deed or his assignee in order to demand title, must comply with the bond under which he claims before the chancellor will require the heirs to surrender the title.

**Usurious Interest.**

    If there is usurious interest in a judgment the owner is required to purge it of the usury in pursuance of the statute regarding the settlement of decedent's estates; and while a judgment at law may embrace usury, the debtor cannot ordinarily resort to a court of equity and reclaim it, or have the judgment modified; but when he satisfies the judgment the debtor may at law recover back the usury. An administrator, however, is not required to pay the usury and then recover it back, because the statute requires the creditor to plead it or purge it of all usury by his oath before his claim will be allowed.

APPEAL FROM JESSAMINE CIRCUIT COURT.

October 23, 1880.

OPINION BY JUDGE PRYOR:

Lewis, the son of the intestate, held only a bond for title to the land of which he was possessed at the time of his assignment. The purchase-money had never been paid, as is conceded from the plead-

ings and proof; nor has there been any change of security by which this lien has been discharged. That Lewis claimed to be the owner, and in that sense held adversely, may be true; but when he or his assignees demand title they must comply with the bond under which they claim before the chancellor will require the heirs to surrender the title.

We see no facts in this record upon which either the defense of limitation or payment of the purchase-money could be interposed to prevent the chancellor from subjecting the property to the payment of the lien debt, and being a lien it must have a preference over other claims. It does not satisfactorily appear whether Brown has made an absolute conveyance, without retaining any lien, of the portion of the tract to which he seems to have held the title. If he has made such a conveyance the lien to that extent is gone, but as to the remaining land the lien necessarily exists. A question is made as to the want of a proper affidavit; if no such affidavit has been made, it should be required before the lien is enforced.

No exception to the commissioner's report was necessary to enable these parties to appeal. Their claim was asserted in the pleadings and denied by the court, and of that judgment they complain. The heirs of Hemphill or his administrator have been negligent in delaying the collection of this purchase-money, and their vendee has been equally as negligent in obtaining his title, and before he gets it he must comply with his bond.

If there is usurious interest in the judgment the appellant is required to purge it of the usury by an express pursuance of the statute in regard to the settlement of decedent's estates. While a judgment at law may embrace usury, the debtor cannot ordinarily resort to a court of equity and reclaim it or have the judgment modified to that extent, because he could have made such a defense before judgment; but although this defense could have been made, when he pays or satisfies the judgment, the debtor may by an action at law recover back the usury. In this class of cases it is not necessary that the administrator should pay the usury and then sue to recover it back, because the statute interposes in behalf and requires the creditor to plead it, or to purge it of all usury by his oath or affidavit before his claim will be allowed. The judgment was therefore not conclusive, and, to the extent it embraced usurious interest, the cross-appellant was not entitled to recover.

Judgment *reversed* on the original and *affirmed* on the cross-appeal, and cause remanded for further proceedings.

*Breckinridge & Shelby, for appellants.*

*H. A. Anderson, J. S. Branaugh, for appellees.*

[Cited, *Crenshaw v. Duff's Ex'r*, 31 Ky. L. 773, 103 S. W. 287; *Owsley v. Boles*, 124 Ky. 775, 99 S. W. 1157.]