CASE 98.—CONSOLIDATED ACTIONS BY W. F. OWSLEY
          AGAINST S. H. BOLES AND WIFE, BY SAID BOLES
          AND WIFE AGAINST SAID OWSLEY, AND BY SID
          L. BOLES AGAINST THE HEIRS AND CREDITORS
          OF S. H. BOLES.—February 28.

# Owsley, &c., v. Boles, Adm'r, &c.

Appeal from Barren Circuit Court.

C. T. ATKINSON, Special Judge.

From the judgments W. F. Owsley and J. H. Boles
as administrator appeal.   Affirmed.

1.  Evidence—Bills and Notes—Pleading and Proof.—In an action
    to vacate a judgment on the ground that it was based on a
    usurious note, certain notes, set out in the petition and filed
    as exhibits in the action, the first of them being identified
    by the note sued on, and it, in turn, identifying the other
    notes, were competent evidence, although they were not
    proven; there being no denial of them in the answer.
2.  Executors and Administrators—Claims Against Estate—
    Defenses—Usury.—Under the express provisions of the stat-
    ute in regard to the settlement of estates, a creditor of the
    estate of a decedent must purge his claim from all usury by
    his oath or affidavit before the claim will be allowed.  Hence
    the administrator of the estate need not pay a judgment based
    on a usurious note and subsequently sue to recover back the
    money.
3.  Witnesses—Competency—Transactions with Deceased Persons.
    —Under the express provisions of Civil Code Prac., sec. 606,
    subsec. 2, claimants against the estate of a decedent are not
    competent to testify with regard to verbal statements of, and
    transactions with, decedent.
4.  Limitation of Actions—Part Payment—Burden of Proof.—When
    a credit on a note is denied by the payor, the burden rests
    on the holder to prove it.

W. L. PORTER, A. J. CARROLL and J. W. JONES for appellant.

BAIRD & RICHARDSON, DUFF & HUTCHINSON and GEO. T. DUFF for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In the year 1889 appellant W. F. Owsley instituted an action in the Barren circuit court against S. H. Boles and wife, upon a note for $6,248.53, with several credits indorsed thereon. The defendants made no defense, and judgment was rendered against them. A few years afterwards Boles and wife filed a petition asking that the judgment be vacated, for the reasons that Mrs. Boles was a married woman and she did not owe the debt or any part of it, and the judgment was void. He alleged that the balance of the note sued on was composed entirely of usury, and that he had overpaid the debt due Owsley. A demurrer was sustained to this petition, and Boles and wife were given leave to amend. They filed an amendment and a demurrer was again filed. About this time Boles became paralyzed and the case was continued from time to time until Boles died in 1902. His son, Sid L. Boles, administered on his estate. He brought this action to settle his estate, making the heirs, Owsley, and other creditors defendants. By an order of the court this case and the cases of W. F. Owsley v. Boles and Wife and Boles and Wife v. Owsley were consolidated. Owsley sought to have his judgment declared valid. The administrator and heirs endeavored to and did defeat it, and Owsley has appealed.

There was no oral evidence introduced with reference to this claim; the appellees contending in the court below and here that the whole claim was composed of usury, and that no part of it was just. Owsley denied this, and his counsel contend that under the

pleadings the burden of proof rested upon the appellees to prove that the claim was composed of usury, and, failing in this, the court should have allowed the claim. The note sued on by Owsley recites that it was given in renewal of a note of $4,743.19, with some other small claims and the interest added. With the petition of Boles and wife to have the judgment against them vacated was filed the note of $4,743.19, which recites that it was given in settlement of three notes executed by Boles to Owsley, two of them bearing 10 per cent. and the other 12 per cent. interest. All payments made by Boles were indorsed on each of the notes. It only requires a calculation, computing the interest at the legal rate, and giving to Boles the credits indorsed, to show that Boles had overpaid Owsley, and there was nothing due him; but Owsley's counsel contends that the notes were not proven and cannot be used as evidence in the case. These notes were copied in the petition and filed as exhibits in the action. There was no denial of them, and the note sued on identified the one next preceding it, and it identified the three previous notes. In our opinion they were competent evidence.

Owsley's counsel contends that he had the judgment for this debt, and the appellees cannot now defend on the ground of usury, and should be compelled to pay it, and, if it contains usury, they could then sue to recover it. In the case of Hemphill's Adm'r v. Millmore, 1 Ky. Law Rep., 331, this court passed upon this question contrary to appellant's views, using the following language: "If there was usurious interest allowed in the judgment rendered, the cross-appellant, by an express provision of the statute in regard to the settlement of estates, was under obligation to purge it of the usury. While a judgment at law may embrace usury, the debtor cannot ordinarily resort to

a court of equity and reclaim it or have the judgment modified to that extent, because he could have made a defense before judgment, although, when a debtor pays or satisfies the judgment, he may recover back the money by an action at law. In the class of cases to which this cause belongs it is not necessary that the administrator should pay the money, and then sue to recover it back because the statute interposes in his favor, and requires the creditor to plead it or purge it from all usury by his oath or affidavit before his claim will be allowed. In such case a judgment is not conclusive, and, so far as the judgment herein embraced usurious interest, the cross-appellant was not entitled to recover.''

In this action by appellees to settle the estate of S. H. Boles, one J. H. Boles, as administrator of J. M. Boles, filed his answer and counterclaim, and sued on a writing in words and figures as follows: "This day received of J. M. Boles thirty-nine hundred and fifty dollars which he borrowed for me of W. F. Owsley and W. G. Hunter at 10 per cent. interest at 12 months and which I am to pay. June 8, 1876. S. H. Boles." Appellees filed a reply, pleading payment and the statute of limitations. The proof was taken, and on the trial the court found that the writing sued on had been satisfied by S. H. Boles in his lifetime; and the administrator of J. M. Boles appeals.

The appellant J. M. Boles and his sister, Mrs. Botts, gave their depositions in the case and testified with regard to verbal statements of and transactions with the deceased, S. H. Boles. They were distributees of J. M. Boles' estate and interested in the claims sued on. Under subsection 2 of section 606 of the Civil Code of Practice they were not competent to testify with reference to such transactions,

and the court did not err in refusing to allow this testimony to be heard.   From the evidence in the case it appears that S. H. Boles and his brother, James M. Boles, had numerous transactions.   They often loaned to each other money.   The appellees filed with their reply many notes and checks showing that S. H. Boles had loaned to his brother about $3,000, all occurring since the date of the writing sued on by appellant.   S. H. Boles in his will referred to these claims against his brother and directed that they be not collected.   A few days before his death he conveyed to his brother 142 acres of land for the recited consideration of $1.   Without going into the details, it is sufficient to say that there are many facts and circumstances showing that all matters between these brothers had been settled.   The note sued on has a credit indorsed of $50 purporting to have been paid April, 1898.   Appellees controverted this credit, and there was no competent proof adduced showing the payment.   It is true that S. H. Boles gave his brother the check for $50 about that time, but there was no competent proof showing that the check or the amount thereof was intended to be credited on this claim.   The rule is that, when a credit on a note is denied by the payor, the burden rests upon the holder to prove it.

For these reasons, the judgments on both appeals are affirmed.